**UNITED STATES of America,**
**Appellee,**

v.

**Victor M. ALVARO–REYES,**
**also known as Cruz De**
**Luna, Appellant.**

**No. 05–1032.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 20, 2006.

Decided: Feb. 2, 2006.

Bruce Wellesley Gillan, U.S. Attorney's Office, Omaha, NE, for Plaintiff–Appellee.

John J. Velasquez, Velasquez Law Offices, Omaha, NE, for Defendant–Appellant.

Victor M. Alvaro–Reyes, Leavenworth, KS, pro se.

Before MELLOY, FAGG, and BENTON, Circuit Judges.

PER CURIAM.

Victor Alvaro–Reyes appeals the 87–month sentence the district court[1] imposed after he pleaded guilty to a drug conspiracy, in violation of 21 U.S.C. § 846. In a brief filed under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel argues that Alvaro–Reyes's sentence is excessive and unreasonable.

To the extent counsel is raising an Eighth Amendment challenge to Alvaro–Reyes's sentence, we conclude that the argument fails. *See United States v. Collins,* 340 F.3d 672, 679 (8th Cir.2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime); *cf. id.* at 676, 679–80 (imposition of mandatory life sentence for conspiring to distribute more than 500 grams of methamphetamine was not cruel and unusual punishment under Eighth Amendment); *United States v. Jones,* 2 F.3d 827, 828–29 (8th Cir.1993) (finding 151–month sentence for conspiring to distribute phencyclidine not "excessive").

We further find that Alvaro–Reyes's sentence—which was imposed at the bottom of the Guidelines range, and well below the mandatory statutory minimum—is not unreasonable. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 765–67, 160 L.Ed.2d 621 (2005) (appellate courts should review post-*Booker* sentences for unreasonableness); *United States v. Lincoln,* 413 F.3d 716, 717–18 (8th Cir.) (sentence within Guidelines range is presumptively reasonable, and de-

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

fendant must rebut presumption of reasonableness), *cert. denied,* —— U.S. ——, 126 S.Ct. 840, —— L.Ed.2d —— (2005).

Having reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. Accordingly, we affirm.